UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STEPHEN COLE-HATCHARD,                               :
                        Plaintiff,                   :
                                                     :
v.                                                   :
                                                     :
GEORGE HOEHMANN, as Supervisor for the               :
Town of Clarkstown, New York, and in his             :
individual capacity; FRANK BORELLI, as               :      **MEMORANDUM OPINION**
Councilman and Deputy Supervisor for the             :      **AND ORDER**
Town of Clarkstown, New York, and in his             :
individual capacity; STEPHANIE HAUSNER,              :      16 CV 5900 (VB)
as Councilwoman for the Town of Clarkstown,          :
New York, and in her individual capacity; JOHN       :
J. NOTO, as Councilman for the Town of               :
Clarkstown, New York, and in his individual          :
capacity; ADRIENNE D. CAREY, as                      :
Councilwoman for the Town of Clarkstown,             :
New York, and in her individual capacity;            :
TOWN OF CLARKSTOWN, NEW YORK; and                    :
TOWN BOARD OF THE TOWN OF                             :
CLARKSTOWN, NEW YORK,                                 :
                        Defendants.                  :
------------------------------------------------------------x

Briccetti, J.:

        Before the Court are defendants' timely objections[1] to Magistrate Judge Paul E.

Davison's Decision and Order ("D&O"), dated September 10, 2018 (Doc. #80), on defendants'

motion for leave to file an amended answer to assert a counterclaim under the so-called faithless

servant doctrine.  (Doc. #67).  Judge Davison denied the motion.

        For the following reasons, the Court overrules defendants' objections in their entirety.

I.      Standard of Review

        A district judge must set aside a magistrate judge's ruling on a non-dispositive motion if

the ruling "is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); accord, 28 U.S.C. §

_____

[1]     Defendants' misdescribe their objections as an "appeal" under Fed. R. Civ. P. 72 and 28
U.S.C. § 636.

1

636(b)(1)(A); Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). The "clearly erroneous or contrary to law" test "is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).

Alternatively, when a party submits timely objections to a report and recommendation on a dispositive motion, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C); accord, Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clear error standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

II.    Defendants' Objections

Now before the Court are defendants' timely objections to the D&O. (Doc. #84).

The Court disagrees with defendants' contention that de novo review is the correct standard. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) (motion for leave to amend is non-dispositive motion, and magistrate judge's denial of same on ground that proposed amendment fails to state a claim for relief is reviewed under Rule 72(a)'s clearly erroneous or contrary to law standard).

Nevertheless, in an abundance of caution, the Court has conducted a de novo review of the D&O as if it were a report and recommendation on a dispositive motion, and has independently and thoroughly reviewed the record and the relevant case law.

Having done so, the Court finds no merit in defendants' objections.

Defendants are plainly incorrect that Judge Davison "created a rule that would shield municipal employees from" the faithless servant doctrine. (Defs. Br. at 9). Instead, Judge Davison found defendants' proposed counterclaim to be futile, because defendants' allegations are insufficient to state a claim under the faithless servant doctrine.

This Court agrees, and finds the D&O correct in all respects.

In so ruling, the Court does not mean to suggest or intimate that plaintiff's behavior, if true, was appropriate or consistent with plaintiff's professional obligations, or that his alleged conduct is not relevant to the claims and defenses in this case.

## CONCLUSION

Having found no error, clear or otherwise, in the magistrate judge's ruling on the motion for leave to amend, the Court OVERRULES defendants' objections to the Decision and Order.

Dated: October 12, 2018
     White Plains, NY

          SO ORDERED:

          _____
          Vincent L. Briccetti
          United States District Judge