UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
STEPHEN COLE-HATCHARD,  :  Docket No. 16 CV 5900 (VB)
 :
          Plaintiff,  :
 :
   -against-  :  **COMBINED PROPOSED**
 :  **VERDICT SHEET**
GEORGE HOEHMANN, as Supervisor for the Town of  :
Clarkstown, New York and in his individual capacity;  :
FRANK BORELLI, as Councilman and Deputy Supervisor  :
for the Town of Clarkstown, New York and in his individual  :
capacity; STEPHANIE HAUSNER, as Councilwoman for the  :
Town of Clarkstown, New York and in her individual  :
capacity; JOHN J. NOTO, as Councilman for the Town of  :
Clarkstown, New York and in his individual capacity;  :
ADRIENNE D. CAREY, as Councilwoman for the Town of  :
Clarkstown, New York and in her individual capacity; TOWN  :
OF CLARKSTOWN, NEW YORK; and TOWN BOARD OF  :
THE TOWN OF CLARKSTOWN, NEW YORK,  :
 :
          Defendants.  :
---------------------------------------------------------------- X

## **COMBINED PROPOSED VERDICT SHEET**

       The parties respectfully submit the following joint proposed verdict sheets. The parties reserve the right to amend the proposed verdict sheet depending on developments during the trial.

Plaintiff's Suggestion

We, the jury, unanimously find:

**LIABILITY QUESTIONS**

Question 1

Based on the law as I have instructed you, has Mr. Cole-Hatchard proven by a preponderance of the evidence, <u>each</u> of the following elements of his claim as to one or more of the Defendants listed: (i) That he engaged in speech protected by the First Amendment; (ii) That one or more Defendants subjected him to one or more adverse

-1-

employment actions; and (iii) That the decision(s) to take the adverse employment action(s) were substantially motivated (played a substantial role) by Plaintiff's exercise of free speech?

    George Hoehmann    Yes ____  No ____

    Frank Borelli    Yes ____  No ____

    John Noto    Yes ____  No ____

    Adrienne Carey    Yes ____  No ____

    Town of Clarkstown    Yes ____  No ____

If you answered "No " as to all Defendants in Question #1, then your deliberations are complete, and the foreperson should sign, date, and return this verdict form without considering the remainder of the questions.

If you answered "Yes" to any Defendant in Question #1, then please proceed to the next question to identify which one or ones of the adverse employment action(s) have been proven.

Affirmative Defenses

Question 2

Have any one of the Defendants proven by a preponderance of the evidence that they should be excused for having taken adverse employment action against Mr. Cole-Hatchard based upon his protected speech because 1) they reasonably predicted such speech would cause disruption in the workplace; (2) that the potential for that disruption outweighed the value of the speech; and (3) they decided to take adverse employment action not in retaliation for the speech, but because of the potential for disruption.

    George Hoehmann    Yes ____  No ____

    Frank Borelli    Yes ____  No ____

    John Noto    Yes ____  No ____

    Adrienne Carey    Yes ____  No ____

Question 3

Have any one of the following Defendants proven by a preponderance of the evidence that they should be excused for having taken adverse employment action against Mr. Cole-Hatchard because 1) they were acting on the advice of an attorney and 2) it was objectively reasonable for them to have participated in the allegedly retaliatory conduct based upon that advice.

| | | |
|---|---|---|
| George Hoehmann | Yes ____ | No ____ |
| Frank Borelli | Yes ____ | No ____ |
| John Noto | Yes ____ | No ____ |
| Adrienne Carey | Yes ____ | No ____ |
| Town of Clarkstown | Yes ____ | No ____ |

**DAMAGES QUESTIONS**

You should consider these "Damages" questions only if you have found that any one of the Defendants are liable for one or more of adverse employment actions and the Defendants have not established either of their affirmative defenses.

Question 1

Has Mr. Cole-Hatchard proven by a preponderance of the evidence that he is entitled to an award of compensatory damages?

Yes____   No____

If "Yes," what amount of compensatory damages do you award?

$_____

If "No," what amount of nominal damages do you award

$_____

Please proceed to the next question.

Question 2:

Has Mr. Cole-Hatchard proven by a preponderance of the evidence that he is permitted an award of punitive damages and in your discretion do you choose to award punitive damages as to any of the following Defendants?

| | | |
|---|---|---|
| George Hoehmann | Yes ____ | No ____ |
| Frank Borelli | Yes ____ | No ____ |

253443135v.1

   John Noto      Yes \_\_\_\_   No \_\_\_\_

   Adrienne Carey    Yes \_\_\_\_   No \_\_\_\_

If yes, what amount of punitive damages do you award?

a) George Hoehmann  $_____

b) Frank Borelli    $_____

c) John Noto     $_____

d) Adrienne Carey   $_____


ALL YOUR ANSWERS MUST BE UNANIMOUS.

Please double check the accuracy and consistency
of your answers above and then sign and date this verdict form.


_____
Foreperson


Please note that the signature of the Foreperson will be redacted in official court records in order to protect against public disclosure of the Foreperson 's name.

*   *   *

Defendants' Suggestion

I. **First Amendment Retaliation**

  1.  Did plaintiff prove, by a preponderance of the evidence, that when he exchanged emails with Steven Lieberman he engaged in speech as a private citizen, and not within the scope of his duties as a member of the Clarkstown Police Department?

   Yes \_\_\_  No \_\_\_

*If you answered "No" to No. 1, skip forward to No. 10. If you answered "Yes" to No. 1, proceed to the next question.*

2. Did plaintiff prove, by a preponderance of the evidence, that plaintiff's emails to Steven Lieberman addressed a matter of public concern?

Yes ____ No ____

Yes ____ No ____

*If you answered "No" to No. 2, then skip to Question No. 10. If you answered "Yes" to No. 2 then proceed to the next question.*

3. Did plaintiff prove, by a preponderance of the evidence, that he suffered an adverse employment action when he was transferred from the Strategic Intelligence Unit to the Detective Division of the Clarkstown Police Department?

Yes ____ No ____

*If you answered "No" to No. 3, then skip to Question No. 10. If you answered "Yes" to No. 3, then proceed to the next question.*

4. Did plaintiff prove, by a preponderance of the evidence, that any of the individual defendants were aware of plaintiff's emails to Steven Lieberman that may have addressed a matter of public concern prior to plaintiff's transfer from the Strategic Intelligence Unit to the Detective Division of the Clarkstown Police Department?

| | | |
|---|---|---|
| George Hoehmann | Yes ____ | No ____ |
| Frank Borelli | Yes ____ | No ____ |
| John Noto | Yes ____ | No ____ |
| Adrienne Carey | Yes ____ | No ____ |

*If you answered "No" to each of the defendants listed in Question No. 4 above, skip to Question No. 10. If you answered "Yes" to any of the defendants listed in Question No. 4 above, proceed to the next question.*

5. Did plaintiff prove, by a preponderance of the evidence, that any of the individual defendants personally participated in the decision to transfer plaintiff from the Strategic Intelligence Unit to the Detective Division of the Clarkstown Police Department?

    George Hoehmann        Yes \_\_\_\_        No \_\_\_\_

    Frank Borelli             Yes \_\_\_\_        No \_\_\_\_

    John Noto                Yes \_\_\_\_        No \_\_\_\_

    Adrienne Carey         Yes \_\_\_\_        No \_\_\_\_

*If you answered "No" to each of the defendants listed in Question No. 5, skip to Question No. 10. If you answered "Yes" to any of the defendants in Question No. 5 above, proceed to the next question.*

6. Did plaintiff prove, by a preponderance of the evidence, as to any of the Individual Defendants for whom you answered "Yes" in Question No. 5, that plaintiff's email(s) that addressed a matter of public concern was(were) a substantially motivating factor in that defendant's decision to transfer plaintiff from the Strategic Intelligence Unit to the Detective Division of the Clarkstown Police Department.

    George Hoehmann        Yes \_\_\_\_        No \_\_\_\_

    Frank Borelli             Yes \_\_\_\_        No \_\_\_\_

    John Noto                Yes \_\_\_\_        No \_\_\_\_

    Adrienne Carey         Yes \_\_\_\_        No \_\_\_\_

*If you answered "No" to each of the defendants listed in Question No. 6, skip to Question No. 10. If you answered "Yes" to any of the defendants in Question No. 6 above, proceed to the next question.*

7. As to any defendant for whom you answered "Yes" in Question No. 4, Question

No. 5 and Question No. 6, did that defendant prove, by a preponderance of the evidence, that plaintiff's speech had a potential to disrupt the operations of the Clarkstown Police Department; that the potential for disruption outweighed the value of the speech; and that plaintiff's transfer from the Strategic Intelligence Unit was directed because of the potential for disruption?

    George Hoehmann  Yes \_\_\_\_  No \_\_\_\_  N/A \_\_\_\_

    Frank Borelli  Yes \_\_\_\_  No \_\_\_\_  N/A \_\_\_\_

    John Noto  Yes \_\_\_\_  No \_\_\_\_  N/A \_\_\_\_

    Adrienne Carey  Yes \_\_\_\_  No \_\_\_\_  N/A \_\_\_\_

*If you answered "Yes" (or N/A/) as to each defendant in Question No. 7 above, then proceed to Question No. 10. If you answered "No" as to any of the defendants in Question No. 7 above, proceed to the next question*

  8.  As to any defendant for whom you answered "No" in Question 7, did the defendant prove, by a preponderance of the evidence, that it was objectively reasonable to believe that transferring plaintiff from the Strategic Intelligence Unit to the Detective Division of the Clarkstown Police Department would not violate plaintiff's constitutional rights?

    George Hoehmann  Yes \_\_\_\_  No \_\_\_\_  N/A \_\_\_\_

    Frank Borelli  Yes \_\_\_\_  No \_\_\_\_  N/A \_\_\_\_

    John Noto  Yes \_\_\_\_  No \_\_\_\_  N/A \_\_\_\_

    Adrienne Carey  Yes \_\_\_\_  No \_\_\_\_  N/A \_\_\_\_

*If you answered "Yes" (or N/A/) as to each defendant in Question No. 8 above, then proceed to Question No. 10. If you answered "No" as to any of the defendants in Question No. 8 above, proceed to the next question.*

  9.  If you answered "Yes" as to any defendants in Question No. 4, and "Yes" as to

any defendant in Question No. 5, and "Yes" as to any defendant in Question No. 6, and "No" as to any defendant in Question No. 7, and "No" as to any defendant in Question No. 8, then you have found that plaintiff has proven his First Amendment Retaliation claim by a preponderance of the evidence, and that the defendants are not entitled to any affirmative defense. In that case, indicate the amount of damages that plaintiff has proven were proximately caused by his transfer from the Strategic Intelligence Unit to the Detective Division of the Clarkstown Police Department.

$ _____

II. **Constructive Discharge**

10. Did plaintiff prove, by a preponderance of evidence, that his working conditions within the Detective Division of the Clarkstown Police Department were so intolerable that a reasonable person in plaintiff's position would be compelled to quit his position?

Yes \_\_\_\_    No \_\_\_\_

*If you answered "No" to Question No. 10 skip to Question No. 14. If you answered "Yes" to Question No. 10, proceed to the next question.*

11. Did plaintiff prove that any of the following individual defendants personally participated in making plaintiff's working conditions so intolerable that a reasonable person in plaintiff's position would be compelled to quit his position?

| | | |
|---|---|---|
| George Hoehmann | Yes \_\_\_\_ | No \_\_\_\_ |
| Frank Borelli | Yes \_\_\_\_ | No \_\_\_\_ |
| John Noto | Yes \_\_\_\_ | No \_\_\_\_ |
| Adrienne Carey | Yes \_\_\_\_ | No \_\_\_\_ |

*If you answered "No" to each defendant listed above, then proceed to Question No. 14.*

*If you answered "Yes" to any defendant listed above, proceed to the next Question.*

12. Did the individual defendant(s) as to whom you answered "Yes" in Question No. 11 prove, by a preponderance of the evidence, that any decision taken that contributed to making plaintiff's working conditions objectively intolerable was based on advice of counsel?

| | | | |
|---|---|---|---|
| George Hoehmann | Yes ____ | No ____ | N/A ____ |
| Frank Borelli | Yes ____ | No ____ | N/A ____ |
| John Noto | Yes ____ | No ____ | N/A ____ |
| Adrienne Carey | Yes ____ | No ____ | N/A ____ |

*If you answered "Yes" (or N/A/) to each of the defendants listed above, proceed to Question No. 14. If you answered "No" to any of the defendants listed above, proceed to the next Question.*

13. If you answered "Yes" to Question No. 10, "Yes" to at least one defendant in Question No. 11, and "No" to at least one defendant in Question No. 12, then you have found that plaintiff has proven his constructive discharge claim, and that defendants are not entitled to any affirmative defense. Indicate the amount of damages that plaintiff has proven were proximately caused by his constructive discharge from the Clarkstown Police Department.

$_____

III. **Counter-Claim**

14. Did the Town of Clarkstown prove, by a preponderance of the evidence, that plaintiff without consent or justification interfered with the Town's Police Department's use and enjoyment of the police hard drive when plaintiff removed the hard drive from police headquarters and deleted files from it?

Yes ____   No _____

-9-
253443135v.1

15. If you answered "No" to Question No. 14 stop, and return this form to the Court. If you answered "Yes" to Question No. 14, indicate the amount of damages that the Town of Clarkstown proved were proximately caused by plaintiff's conduct.

$_____.

*Stop. Return this Form to the Court.*

\*   \*

Dated: White Plains, New York
April 30, 2021

| JUNGE & MELE<br>Attorneys for Plaintiff<br><br>/s/ Armand P. Mele<br><br>_____<br>Armand P. Mele<br>Peter A. Junge<br><br>303 South Broadway, Suite 470<br>Tarrytown, NY  10591<br>(212) 269-0061 | WILSON, ELSER, MOSKOWITZ<br>EDELMAN & DICKER LLP<br>Attorneys for Defendants<br><br>/s/ Lalit K. Loomba<br><br>_____<br>John M. Flannery<br>Lalit K. Loomba<br><br>1133 Westchester Avenue<br>White Plains, NY  10604<br>(914) 323-7000 |

253443135v.1